UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| V. | § | CRIMINAL ACTION NO. H-05-187 |
| | § | CIVIL ACTION  NO. H-09-933 |
| FELICIANO YANEZ SOSA, | § | |
| | § | |
| Defendant-Movant. | § | |

### MEMORANDUM AND RECOMMENDATION GRANTING GOVERNMENT'S MOTION TO DISMISS

Before the Magistrate Judge in this federal habeas corpus proceeding pursuant to 28 U.S.C. § 2255 is the Government's Answer, Motion to Dismiss and Motion for Summary Judgment(Document No. 123), and Movant Feliciano Yanez Sosa's § 2255 Motion to Vacate, Set Aside or Correct Sentence and Memorandum in Support (Document Nos. 120 & 121).  Having considered Sosa's Motion to Vacate, Set Aside or Correct Sentence, the Government's responsive pleading (Document No. 123), Sosa's Reply (Document No. 124), the record of the proceedings before the District Court in the underlying criminal case and on appeal, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that the Government's Motion to Dismiss be GRANTED, that Sosa's § 2255 Motion to Vacate, Set Aside or Correct Sentence be DENIED, and that this § 2255 proceeding be DISMISSED.

I.      **Procedural History**

Movant Feliciano Yanez Sosa ("Sosa"), who is currently in the custody of the United States Bureau of Prisons, is seeking federal habeas corpus relief under 28 U.S.C. § 2255. This is Sosa's first motion pursuant to § 2255.

On April 28, 2005, Sosa was charged in a four count Indictment with illegal possession of a firearm by an alien, in violation of 18 U.S.C. § 922(g)(5) and 924(a)(2) (count one); two counts of possession with intent to distribute a controlled substance (cocaine), in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(C) (counts two and three); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (count four). (Document No. 1). Sosa pled not guilty and proceeded to trial. At trial, Sosa stipulated to the facts underlying counts one, two and three, and he was found guilty by a jury of those counts. The jury, however, was unable to reach a unanimous decision on court 4, and a mistrial was granted. (Document No. 41). Upon retrial on February 1, 2006, Sosa was found guilty of count four. (Document No. 68). Thereafter, following the preparation of a presentence investigation report ("PSR"), to which Sosa stated that he had no objections (Document No. 73), the District Court sentenced Sosa to fifty-one (51) months confinement on counts 1-3, to be followed by 60 months confinement on count 4, for a total of 111 months confinement, to be followed by a five year term of supervised release, and a $1,000 fine. (Document No. 78). A Judgment of Conviction was entered on April 18, 2006. (Document No. 83).

Sosa appealed. On January 4, 2008, the Fifth Circuit Court of Appeals affirmed his conviction and sentence. (Document Nos. 112 & 113). Sosa did not file a petition for writ of certiorari with the United States Supreme Court.

Following his unsuccessful appeal, Sosa filed a "Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2). (Document No. 114). On August 5, 2008, the motion was granted and Sosa's sentence was reduced on counts 1-3 to forty-one (41) months confinement. (Document No. 118). An Amended Judgment was entered on August 6, 2008. (Document No. 119). Sosa then, on or about March 24, 2009, filed a § 2255 Motion to Vacate, Set Aside or Correct Sentence and Memorandum in Support (Document Nos. 120 & 121). The Government, in response has filed an Answer, Motion to Dismiss and Motion for Summary Judgment (Document No. 123) to which Sosa has filed a response/reply in opposition (Document No. 124). This § 2255 proceeding is ripe for ruling.

### III. Claims

Sosa raises two claims related to his conviction on count four:

1. that count four, as alleged, is not a crime; and even if it is, the Government did not prove all the required elements; and

2. that both his trial and appellate counsel were ineffective for failing to challenge his conviction on count four on the bases set forth in claim one.

Both of these claims, as argued by the Government, fail given the conclusions of the Fifth Circuit that there was sufficient evidence to support Sosa's conviction on count four.

### III. Discussion

In his direct appeal, Sosa raised two claims: (1) that the District Court erred in allowing lay opinion testimony from various law enforcement officers regarding firearms possession and drug trafficking; and (2) that the District Court erred in refusing his requested jury instruction on the

definition of the "in furtherance" element of count four. In rejecting the first claim, the Fifth Circuit concluded that any error in the admission of lay opinion testimony was harmless because there was more than sufficient evidence to support Sosa's conviction on count four. In so doing, the Fifth Circuit considered and reviewed the evidence in the record as follows:

> The district court allowed law enforcement officials to provide lay testimony on these subjects– the use of chemicals in drug manufacturing, modifications to firearms, and the reason why drug dealers carry guns– under Rule 701, reasoning that testimony on these matters was not based on specialized knowledge within the scope of Rule 702, but rather upon witnesses' personal knowledge. For much of the disputed testimony, we doubt that the district court abused its discretion in determining that the particular testimony at issue fell within the bounds of permissible lay opinion testimony and thus did not impinge the territory of specialized knowledge. For example, with respect to Officer Reeve's testimony about the modifications made to the shotgun, we doubt that this testimony exceeded the bounds of permissible lay opinion testimony. Most of the testimony was merely descriptive. It is not clear that the testimony went beyond description, into the realm of opinion, was based on "specialized knowledge" as opposed to simply common sense or the officer's past experience formed from firsthand observation. Yet, with respect to at least some of the testimony, specifically the detailed testimony of Officer Reeves regarding the use of chemicals found in Sosa's apartment, the district court may have erred in admitting this testimony as lay opinion.
>
> However, we need not conclusively resolve the issue because, even assuming for the sake of argument that the evidence should have been excluded, any error in admitting this testimony was harmless. An abuse of discretion in admitting or excluding evidence is subject to harmless error review. *Ragsdale*, 426 F.3d at 774-75; *Mendoza-Medina*, 346 F.3d at 127. Under the harmless error doctrine, even if the district court abuses its discretion in admitting or excluding evidence, we will affirm "[u]nless there is a reasonable probability that the improperly admitted evidence contributed to the conviction." *Mendoza-Medina*, 346 F.3d at 127; *see also* FED. R. CRIM. P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.").
>
> Apart from the disputed testimony, the evidence against Sosa in this case was substantial. The evidence introduced at trial was more than sufficient to establish the relevant factors supporting a finding that Sosa possessed the firearm in furtherance of a drug trafficking offense. Whether a defendant possessed a gun to help further, advance, or forward a drug trafficking offense requires consideration of several factors, including

4

>   the type of drug activity that is being conducted, accessibility of the
>   firearm, the type of the weapon, whether the weapon is stolen, the
>   status of the possession (legitimate or illegal), whether the gun is
>   loaded, proximity to drugs or drug profits, and the time and
>   circumstances under which the gun is found.

*United States v. Ceballos-Torres*, 218 F.3d 409, 414-15 (5th Cir. 2000). In this case, the evidence introduced at trial established (1) that Sosa was engaged in significant drug activity based, for example, on the amount and value of the drugs and cash found in his apartment and car, (2) that the two firearms were easily accessible, located in the night stand and clothes closet in his bedroom, (3) that Sosa possessed the firearms illegally (as an illegal alien), (4) that one of the guns, the .357 revolver was fully loaded, (5) that the guns were located near the bulk of the drugs that were recovered, in Sosa's bedroom, and (6) that other than the cocaine and its cash proceeds, there were no other valuables in the apartment. Based on these factors, the Government presented a strong case that Sosa's possession of the firearms was in furtherance of a drug trafficking crime. *Cf. Ceballos-Torres*, 218 F.3d at 415 ("[T]he evidence before us supports a conclusion that [the defendant's] possession of the Glock was 'in furtherance' of his drug trafficking offense. The weapon was loaded and easily accessible in [the defendant's] apartment, and he confessed to ownership of the firearm. It was possessed illegally. And it was possessed in the apartment along with a substantial amount of drugs and money.").

In light of the substantial evidence against Sosa, we cannot concluded that there is a reasonable probability that he disputed testimony contributed to Sosa's conviction. First, the testimony that certain chemicals found in Sosa's apartment were used in manufacturing cocaine was harmless error. This testimony was relevant to the question of whether Sosa was engaged in drug trafficking. However, the evidence that Sosa was engaged in drug trafficking was strong and included the substantial amount and value of drugs found in Sosa's bedroom and vehicle, the notebooks the officers found, the scales, and the individualized packaging of the cocaine. The officers' testimony about the use of the chemicals in Sosa's apartment in manufacturing cocaine was simply a small portion of an otherwise strong showing that Sosa was engaged in drug trafficking and thus its admission was harmless error.

Second, we question whether the testimony about the shotgun found in Sosa's closet was admitted in error at all, but assuming that it was, that admission was also harmless error. Most of the testimony simply described the shotgun. The testimony that went beyond description, to discuss the modifications made to the shotgun–and which, again, we doubt was "specialized knowledge" at all–did not undercut Sosa's defense that the weapon was for personal protection. Although the testimony may have undercut a possible defense that the shotgun was used for hunting, Sosa did not raise or suggest a hunting defense at trial. Further, the officer explained that the

>shotgun was easier to conceal because it was shorter. However, even without this testimony, the jury could observe the weapon and determine for itself whether the shotgun was capable of concealment. In any event, again, the testimony about the shotgun was only a small portion of a strong case against the defendant and thus its admission was harmless error.

*United States v. Sosa*, No. 06-20401 (Document No. 113) at 8-11. In light of the Fifth Circuit's review of the evidence to support Sosa's conviction on count four, no relief is available to Sosa on the claims he raises in this § 2255 proceeding.

Sosa was charged in count four with possession of a firearm in furtherance of a drug trafficking crime. While Sosa maintains that it is not a crime to possess a firearm, particularly given the absence of any evidence that he used or carried the firearm in furtherance of a drug trafficking crime, Sosa was not charged with using or carrying a firearm under 18 U.S.C. § 924(c)(1)(A); instead, the indictment alleged that Sosa merely possessed a firearm in furtherance of a drug trafficking crime under § 924(c)(1)(A). Section 924(a)(1)(C) clearly makes it a crime to either use or carry a firearm in furtherance of a drug trafficking crime, or possess a firearm in furtherance of a drug trafficking crime:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, *uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm*, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime –
> (I) be sentenced to a term of imprisonment of not less than 5 years;

Given the clear language in § 924(c)(1)(A), which makes it an offense to possess a firearm in furtherance of a drug trafficking crime, as well as the Fifth Circuit's determination that there was sufficient evidence to support Sosa's conviction on count four, Sosa's first claim is subject to dismissal.

6

As for Sosa's second claim, that trial and appellate counsel were ineffective for failing to challenge his conviction on count four, that claim is likewise subject to dismissal because counsel is not required to raise frivolous arguments or challenges. *Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998); *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir.), *cert. denied*, 513 U.S. 966 (1994). Here, as set forth above, Sosa was charged with possessing a firearm in furtherance of a drug trafficking crime. On appeal, the Fifth Circuit found sufficient evidence to support Sosa's conviction for possession of a firearm in furtherance of a drug trafficking crime. Sosa points to nothing his counsel could or should have done to challenge his conviction on count four. Sosa's ineffectiveness claim is therefore also subject to dismissal.

**IV.     Conclusion and Recommendation**

Based on the foregoing and the conclusion that no relief is available to Sosa on his claims, the Magistrate Judge

RECOMMENDS that the Government's Motion to Dismiss (Document No. 123) be GRANTED, and that Sosa's § 2255 Motion to vacate, Set Aside or Correct Sentence (Document No. 121) be DENIED and DISMISSED WITH PREJUDICE.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).

Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 15th day of October, 2009.

Frances H. Stacy
United States Magistrate Judge